IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN BRANDIS PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-372-RAH-JTA |
| | ) | |
| CLEVELAND POOLE, | ) | |
| | ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Devin Brandis Pugh, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff also filed a motion to proceeding *in forma pauperis*, but did not provide a certified prison account statement. (Doc. No. 2.) On October 27, 2025, the Court issued an Order directing Plaintiff to file a certified prison account statement no later than November 10, 2025. (Doc. No. 8.) The Court specifically cautioned Plaintiff that his failure to comply with the terms of that Order would result in dismissal of this case for failure to prosecute or comply with an Order of the Court. (*Id*. at 2.) Nevertheless, more than three weeks have passed since the imposed deadline, and Plaintiff has not filed an account statement as directed.[1]

---

[1] Plaintiff is well aware of the requirements for proceeding before this Court. Since December 11, 2024, Plaintiff has filed over 50 cases in the Middle District of Alabama. In many of them, he failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, despite numerous court orders to correct the deficiencies. This pattern of conduct "wastefully diverts significant judicial resources and substantially burdens the court's docket." *Smith v. Thomas*, No. 2:25-cv-311-RAH-JTA, 2025 WL 1738664, at *1 (M.D. Ala. June 23, 2025), *report and recommendation adopted*, No. 2:25-cv-00311-RAH, 2025 WL 1932736 (M.D. Ala. July 14, 2025).

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has not complied with the Court's Order of October 27, 2025, despite its express directives and admonition. Consequently, this action is due to be

dismissed without prejudice. Based on Plaintiff's history as a prolific litigant, the undersigned concludes that no lesser sanction than dismissal would be effective. *See id*.

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this action be DISMISSED without prejudice.

It is further ordered that, on or before **December 16, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 2nd day of December, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE